UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02829-RGK-MAA | Date | April 20, 2023 |
|---|---|---|---|
| Title | *Michael Pynn, et al v. BPSN II LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER Remanding Action to State Court

## I.   INTRODUCTION

Michael Pynn and Christine Pynn ("Plaintiffs") filed a Complaint against Russell Westbrook Alfa Romeo Maserati and Hyundai Motor America ("Defendants") alleging violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*) and the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*). Plaintiffs' allegations arise from an October 2022 purchase of a preowned vehicle ("Vehicle") from Defendants.

On April 14, 2023, Defendant Hyundai Motor America ("Hyundai") removed the action to this Court based on federal question. Upon review of Hyundai's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." A federal question claim brought under the Magnuson-Moss Warranty Act also requires that the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02829-RGK-MAA | Date | April 20, 2023 |
|---|---|---|---|
| Title | *Michael Pynn, et al v. BPSN II LLC, et al* | | |

Plaintiffs seek restitution for all money paid, incidental and consequential damages, and reasonable attorneys' fees. In the Notice of Removal, Hyundai asserts that Plaintiff's Magnuson-Moss claim arises out of federal law and that the amount in controversy exceeds $50,000. In support, Hyundai states that Plaintiff seeks damages in the order of no less than $83,460.00.

Hyundai, however, fails to plausibly allege that the amount in controversy exceeds $50,000. A review of the complaint shows that Plaintiffs allege that they purchased the Vehicle on October 25, 2022 for the price of $33,000. (Complaint ¶ 13.) The value that Plaintiffs are eligible to recover is reduced to account for Plaintiffs' use of the vehicle. *See Moreno v. GM Co.*, No. 2:09-cv-00602 JWS, 2010 U.S. Dist. LEXIS 3672, at *8–9 (D. Ariz. Jan. 15, 2010) (applying the formula set forth in *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402 (7th Cir. 2004)). Hyundai acknowledges that the vehicle in question has depreciated since its purchase, and states in its Notice of Removal that its lowest possible trade-in value is $27,820. (Notice of Removal ¶ 9.) Hyundai admits it does not know the current mileage of the vehicle, which leaves the Court with doubt as to the amount in controversy. *See Tokmakova v. Volkswagen Group of Am., Inc.*, 12-cv-04666 SJO, 2012 U.S. Dist. LEXIS 109164, at *7 (C.D. Cal. Aug. 1, 2012).

Hyundai also supports removal with Plaintiffs' request for civil penalties available under the Song-Beverly Act. While civil penalties are available for willful failure to comply with the Song-Beverly Act, Hyundai has not offered any evidence to support such an award. To the extent Hyundai also relies on attorneys' fees and costs, such amounts are "costs and interests" within the definition of the Act and are therefore excluded from the calculation. *Accord Moreno*, 2010 U.S. Dist. LEXIS 3672, at *3 n.9 (D. Ariz. Jan. 15, 2010) (citing *Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1271–72 (11th Cir. 1998) (collecting authorities)).

Accordingly, the Court finds that Hyundai has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement in the Magnuson-Moss Warranty Act.

### III.    CONCLUSION

Based on the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles County Superior Court, 23PSCV00669

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/ak |